IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IVAN LEE MATTHEWS, | ) | No. C 13-2760 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; DIRECTING DEFENDANTS TO |
| v. | ) ) | FILE DISPOSITIVE MOTION OR NOTICE REGARDING |
| E. BLACK, et al., | ) ) | SUCH MOTION |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses one claim and orders service upon the named defendants.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

In the complaint, plaintiff alleges that in September and October of 2011, he had three pending court cases. During those months, he was deprived of his legal property and, despite filing grievances against Property Officer J. Bennefield for the return of his property, he did not receive his legal property. On December 1, 2011, plaintiff was cleared to be housed in general population. That day, as defendant S. Puckett was escorting plaintiff to plaintiff's cell to be housed with Inmate Harris, plaintiff told Puckett that he had safety concerns about being double-celled. Plaintiff asserts that Puckett ignored him. Plaintiff also repeatedly told defendants Bonilla and Urena that his housing assignment raised safety concerns for him, and that he was in fear for his life. Neither Bonilla or Urena responded to plaintiff's concerns.

At one point, plaintiff was being returned to his cell, and plaintiff again told Bonilla and Urena that he did not want to go back to his cell because he was afraid for his life. Bonilla and Urena threatened to use their pepper spray on plaintiff if plaintiff did not comply because defendant Black had ordered Bonilla and Urena to return plaintiff to his cell. Plaintiff refused to enter the cell, and Bonilla and Urena forced plaintiff into the cell. Bonilla then grabbed plaintiff, who was still handcuffed, and slammed him to the floor, injuring plaintiff. Liberally construed, plaintiff has stated a cognizable claim that Puckett, Bonilla, and Urena were deliberately indifferent to plaintiff's safety, and that Bonilla and Urena used excessive force against plaintiff. Defendants shall file a dispositive motion with respect to plaintiff's claims that Puckett, Bonilla, and Urena were deliberately indifferent to plaintiff's safety, and Bonilla and Urena used excessive force against plaintiff.

Although plaintiff names defendant Black in this action, plaintiff does not link Black to any act or omission that could be the proximate cause of his alleged constitutional violations. Accordingly, Black is DISMISSED without prejudice.

1    In addition, plaintiff raises a claim of retaliation.  However, "within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Here, plaintiff's complaint, liberally construed, is not "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).  There is no indication that plaintiff's classification decision or decision to house plaintiff in a double-cell was "because of" plaintiff's grievances.  Accordingly, plaintiff's retaliation claim is DISMISSED without prejudice.  If plaintiff believes that he can correct the deficiencies in his complaint in good faith, he may file an amended complaint within thirty days of the filing date of this order.

**CONCLUSION**

1.    Defendant Black is DISMISSED without prejudice.  Plaintiff's retaliation claim is DISMISSED without prejudice.  If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-2760 LHK (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint by reference.  Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

2.    The Clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **Correctional Officers R. Bonilla, J. Urena, and S. Puckett** at **Salinas Valley State Prison**.

1    The Clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to plaintiff.

3.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4.    No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

   a.    If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor**

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\LHK\CR.13\Matthews760srv.wpd          4

1 **qualified immunity found, if material facts are in dispute.  If defendants are of the opinion**
2 **that this case cannot be resolved by summary judgment, they shall so inform the court**
3 **prior to the date the summary judgment motion is due.**

4     5.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

10     6.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

12     7.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

14     8.    All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

17     9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

19     10.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 10/10/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge