IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IVAN LEE MATTHEWS, | ) | No. C 13-2760 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; DIRECTING DEFENDANTS TO |
| v. | ) ) | FILE DISPOSITIVE MOTION OR NOTICE REGARDING |
| E. BLACK, et al., | ) ) | SUCH MOTION |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court orders service upon the named defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

In the complaint, plaintiff alleges that in September and October of 2011, he had three pending court cases. During those months, he was deprived of his legal property and, despite filing grievances against Property Officer J. Bennefield for the return of his property, he did not receive his legal property. On December 1, 2011, plaintiff was cleared to be housed in general population. That day, as defendant Correctional Officer ("C/O") S. Puckett was escorting plaintiff to plaintiff's cell to be housed with Inmate Harris, plaintiff told C/O Puckett that he had safety concerns about being double-celled. Plaintiff asserts that C/O Puckett ignored him. Plaintiff also repeatedly told defendants C/O Bonilla and C/O Urena that his housing assignment raised safety concerns for him, and that he was in fear for his life. Neither C/O Bonilla or C/O Urena responded to plaintiff's concerns. Plaintiff alleges that Sergeant E. Black directed C/O Bonilla, Puckett, and Urena to continue to place plaintiff in general population. Plaintiff claims that defendants did so in retaliation for his filing of grievances.

At one point, plaintiff was being returned to his cell, and plaintiff again told C/O Bonilla and C/O Urena that he did not want to go back to his cell because he was afraid for his life. C/O Bonilla and C/O Urena threatened to use their pepper spray on plaintiff if plaintiff did not comply because defendant Sergeant Black had ordered C/O Bonilla and C/O Urena to return plaintiff to his cell. Plaintiff refused to enter the cell, and C/O Bonilla and C/O Urena forced plaintiff into the cell. C/O Bonilla then grabbed plaintiff, who was still handcuffed, and slammed him to the floor, injuring plaintiff.

Very liberally construed, plaintiff has stated a cognizable claim that all defendants were deliberately indifferent to plaintiff's safety and retaliated against plaintiff. Plaintiff has also stated a cognizable claim that C/O Bonilla and C/O Urena used excessive force against plaintiff.

**CONCLUSION**

1.      The court's October 10, 2013, briefing schedule is VACATED.

2.      The Clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 11), and a copy of this order to **Correctional Sergeant E. Black, Correctional Officer R. Bonilla, Correctional Officer S. Puckett, and Correctional Officer J. Urena** at **Salinas Valley State Prison**.

The Clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office.  Additionally, the Clerk shall mail a copy of this order to plaintiff.

3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before defendants have been personally served, the answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4.      No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

   a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

 5. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

 6. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

 7. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

 8. All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

 9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

 10. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

1 | pursuant to Federal Rule of Civil Procedure 41(b).

2 |     IT IS SO ORDERED.

3 | DATED: 12/3/13      *Lucy H. Koh*

4 |     LUCY H. KOH
    United States District Judge