UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN LEE MATTHEWS,

    Plaintiff,

    v.

S. PUCKETT,

    Defendant.

Case No. 13-cv-02760-JD

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. Nos. 80, 83, 88, 91, 92

Plaintiff, a state prisoner proceeding pro se, has brought a civil rights action under 42 U.S.C. § 1983. The Court previously granted summary judgment to several defendants, and the case continues solely against defendant Puckett for claims of retaliation and deliberate indifference to plaintiff's safety. Puckett's previous motion to dismiss was granted, but plaintiff was allowed to file an amendment solely regarding defendant Puckett and the allegations of deliberate indifference and retaliation. Plaintiff has filed the amendment and defendant has again filed a motion to dismiss. Plaintiff has not filed an opposition, but he did file an appeal with the Ninth Circuit that was denied. The Court will still look to the merits of the motion to dismiss, which is granted.

**I.  MOTION TO DISMISS**

  **A.  Background**

Plaintiff states he was transferred from Corcoran State Prison to Salinas Valley State Prison ("SVSP") on September 8, 2011, and was temporarily placed in Administrative Segregation ("Ad. Seg.") due to lack of bed space at SVSP at that time. On September 21, 2011, plaintiff continued to be held in Ad. Seg. due to confidential information. In October 2011, plaintiff filed several inmate grievances regarding his legal and personal property not being

1  returned to him following his transfer.

2  On December 1, 2011, a classification committee approved plaintiff's release from Ad.
3  Seg. to general population. Later that day while plaintiff was waiting to be taken from his single
4  cell in Ad. Seg. to a double cell in general population, he overheard several unidentified
5  correctional officers say that plaintiff should go to the sensitive needs yard and "why doesn't he
6  file an [inmate appeal] or file a lawsuit about that. Since he likes suing people." Docket No. 73 at
7  3. Defendant Puckett was not part of this group.

8  Puckett later arrived to escort plaintiff to the double cell in general population. Puckett
9  talked to the other unidentified correctional officers and they were all laughing. One of the
10 officers spoke to Puckett and stated, "if you ever need a good lawyer to sue somebody," and
11 indicated plaintiff. Docket No. 73 at 3.

12 Puckett then escorted plaintiff to the double cell in general population. While en route
13 plaintiff stated that he had a safety concern. Plaintiff states that Puckett ignored him and did not
14 ask him follow-up questions about his safety concern. Puckett then placed plaintiff into a cell that
15 was occupied by inmate Harris. Puckett left the cell while plaintiff was still handcuffed, which
16 plaintiff asserts placed him in danger because Harris was not handcuffed. Plaintiff yelled to
17 Puckett, who returned, opened the cell door, removed the handcuffs, closed the door, and left.
18 While no harm came to plaintiff, he alleges that Puckett ignored his safety concern and placed him
19 in danger, all in retaliation for plaintiff having previously filed lawsuits and grievances about his
20 legal and personal property.

21 **B.  Legal Standard**

22 A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal
23 sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200
24 (9th Cir. 2003). All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S.
25 89, 94 (2007). However, conclusory statements, not supported by factual allegations, need not be
26 accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as
27 true "a legal conclusion couched as a factual allegation"). "A plaintiff's obligation to provide the
28 grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

2

recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id*. at 558-59, 574. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. *Farmer*, 511 U.S. at 834; *Hearns*, 413 F.3d at 1040-41. A prisoner need not wait until he is actually assaulted to state a claim and obtain relief. *See Farmer*, 511 U.S. at 845.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

3

### C. Analysis

The allegations in the amendment are substantially similar to plaintiff's prior complaint and fail to demonstrate that Puckett was deliberately indifferent to plaintiff's safety or that he retaliated against plaintiff. Plaintiff alleges that he had a safety concern and did not want to be on the general population yard, but plaintiff provides no specific allegations about his safety concern, nor does he state that he conveyed a specific concern to Puckett. That Puckett failed to ask follow-up questions after plaintiff stated he had a safety concern fails to state a claim. If plaintiff had a specific safety concern he could have told Puckett. There is no indication that plaintiff was in danger from his cellmate or that he even knew the identity of the cellmate before he arrived at the cell. Nor was plaintiff assaulted or injured. These vague allegations are insufficient under *Iqbal*. The allegation that plaintiff was momentarily handcuffed while in his cell before Puckett returned and removed the handcuffs do not state an Eighth Amendment claim. While this could demonstrate negligence, that is insufficient to state a claim of deliberate indifference. *See Farmer*, 511 U.S. at 835-36. Plaintiff also states that he provided gang information to investigators while at other prisons, therefore he was in danger. However, there is no allegation that Puckett was aware of plaintiff's actions at other prisons. Plaintiff also states that he recanted the information he provided to investigators. Docket No. 74 at 5, 7.

Plaintiff also fails to provide any support for his allegations that Puckett's conduct was in retaliation for his inmate appeals or lawsuits. He presents a conclusory statement that Puckett was retaliating against him, but provides no support to connect Puckett's actions to plaintiff's prior conduct. As alleged in the amendment, Puckett was taking plaintiff to a double cell based on the classification committee's decision that plaintiff could be transferred from Ad. Seg. to general population. Plaintiff has not provided plausible allegations that any of Puckett's conduct was in retaliation for protected conduct. That other correctional officers made inappropriate comments and Puckett spoke and laughed with them fails to demonstrate a viable claim of First Amendment retaliation when looking at Puckett's actions of escorting plaintiff to general population after the move was approved by the classification committee.

**Qualified Immunity**

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Id.* at 205. A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the two-part test that required determining a deprivation first and then deciding whether such right was clearly established, as required by *Saucier*). The court may exercise its discretion in deciding which of the two prongs to address first, in light of the particular circumstances of each case. *Pearson*, 555 U.S. at 236.

In this case the Court has not found the deprivation of an actual constitutional right. Yet, even if Puckett did violate a constitutional right, it would not be clear that his actions were unlawful in the situation he confronted. Plaintiff was cleared by the classification committee to leave Ad. Seg. and be housed in general population. Plaintiff failed to provide Puckett with any specific details about his safety concerns and plaintiff was only handcuffed in his cell for a few moments before the handcuffs were removed. Puckett is entitled to qualified immunity because he could not have known that his actions in these circumstances would violate the First or Eighth Amendment, assuming arguendo that they did.

II. **CONCLUSION**

1. The motion to dismiss (Docket No. 80) is **GRANTED**. Because plaintiff has been provided several opportunities to amend and any further amendment would be futile the case is **DISMISSED** with prejudice.

5

2. The motion to appoint counsel (Docket No. 83) and motion for notice (Docket No. 92) are **DENIED** because this case is dismissed.

3. Plaintiff's motion (Docket No. 88, 91) for a copy of the summary judgment order is **GRANTED** and the Clerk shall send plaintiff a copy of that order, Docket No. 72.

**IT IS SO ORDERED.**

Dated: November 17, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN LEE MATTHEWS,

    Plaintiff,

  v.

S. PUCKETT,

    Defendant.

Case No. 13-cv-02760-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 17, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ivan Lee Matthews ID: H69338
S.V.S.P.
P.O. Box 1050
Soledad, CA 93960

Dated: November 17, 2015

Susan Y. Soong
Clerk, United States District Court

By: _____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO